IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| ERIC RUSSELL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GJH-21-0038 |
| WARDEN JAMA ACUFF, et al., | * | |
| Defendants. | * | |
| | *** | |

**MEMORANDUM OPINION**

Self-represented Plaintiff Eric Russell, a prisoner currently confined at Maryland Correctional Institution – Jessup ("MCIJ"), brings this civil rights action against Warden Jama Acuff and Officer Ibitoye. Amended Compl., ECF No. 3. On September 22, 2021, Defendants moved to dismiss the Complaint or alternatively, for summary judgment in their favor.[1] ECF No. 16. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court informed Russell that the failure to file a response in opposition to the Defendants' Motion could result in dismissal of his Complaint. ECF No. 17. To date, Russell has not filed a response. After reviewing the filings, the Court finds that a hearing is not necessary to resolve the issues pending. *See* Local Rule 105.6 (D. Md. 2021). For the reasons explained below, Defendants' Motion will be granted.[2]

**I. BACKGROUND**

In his Complaint as amended, Russell alleges that he was denied his Fifth Amendment due process rights. ECF No. 3. According to Russell, on August 22, October 22, and November 11,

---

[1] Defendants also filed a Motion for Extension of Time seeking an extension of time to file their response *nunc pro tunc* on September 22, 2021. ECF No. 15. Defendants Motion shall be granted.

[2] In addition, the Motion to Strike Entry of Appearance, ECF No. 18, filed by counsel for the Office of the Attorney General, shall be granted.

2020, a total of ninety-five (95) good days were revoked along with thirty days of visitation. *Id.* at 3. Officer Ibitoye allegedly "denied evidence and hearing process" when they denied him a copy of the March 2020 Inmate Handbook and denied him a hearing prior to revocation. *Id.* Russell seeks a reinstatement of his 95 good time credits and a change in his security classification. *Id.* at 4.

In response, Defendants submit the declaration of Officer Odunayo Ibitoye and three Inmate Waiver of Appearance with a Plea Agreement forms in support of their Memorandum. Officer Ibitoye attests that on August 9, 2020, Russell was placed in quarantine. Ibitoye Declaration, ECF No. 16-2 at ¶ 3. On August 22, 2020, Russell was released from quarantine, but Russell refused to return to general housing. *Id.* at ¶ 4. That day, Russell was moved to disciplinary segregation and 20 "good days" were revoked for his refusal of housing. *Id.* at ¶ 5. Russell refused to return to general housing again on October 22, 2020, resulting in 30 more days of credit being revoked. *Id.* at ¶ 6. Russell refused to return to general housing for a third time on November 11, 2020, and 45 more "good day" credits were revoked. *Id.* at ¶ 7. On each occasion, Russell was presented with a plea agreement waiver, which Russell signed agreeing to waive his right to a disciplinary hearing. *Id.* at ¶ 9; *see* ECF No. 6-3.

## II. Standard of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the

elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original). A court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. NC. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.,* 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

Defendants' Motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible

where plaintiff has "actual notice" that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261.

Because Defendants filed their Motion as a motion to dismiss, or in the alternative, for summary judgment, Russell was on notice that the Court could treat the Motion as one for summary judgment and rule on that basis. Accordingly, the Court will review the claims against Defendants under the Rule 56(a) standard and consider the exhibits filed in support of the dispositive motion.

The Court is mindful, however, that Russell is a self-represented litigant. A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir.1990). A court cannot assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).

### III. Discussion

#### A. Due Process

Prisoners retain rights under the Due Process Clause and may not be deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citations omitted). As such, Russell was entitled to a disciplinary hearing prior to loss of his good time credits. *See id.* at 557 (prisoners have a state-created liberty interest in good conduct credits).

Defendant Ibitoye argues that he is entitled to summary judgment because Russell waived his right to a hearing on each of the three occasions on which his good time credits were revoked. Indeed, the record contains three "Inmate Waiver of Appearance with a Plea Agreement" forms signed by Russell, which demonstrate that he agreed to waive his appearance before a hearing officer regarding his rule violations. ECF No. 16-3. Additionally, each of the waivers includes Russell's acceptance of their respective plea agreements, waiving his right to appeal as well as to any representation, evidence, or witnesses. *Id.*

Therefore, viewing the evidence in the light most favorable to Russell, the record shows that Russell waived his right to a disciplinary hearing on each of the three occasions on which his good time credits were lost. As such, Officer Ibitoye is entitled to summary judgment in his favor.

### B. Supervisory Liability

Warden Jama Acuff contends that they are entitled to summary judgment as Russell fails to state any specific allegations against them, and to the extent Russell seeks to hold Acuff responsible for the actions of Officer Ibitoye, there is no respondeat superior liability. ECF No. 16-1. Liability under § 1983 attaches only upon personal participation by a defendant in a constitutional violation. It is well established that the doctrine of respondeat superior does not apply to claims asserting constitutional deprivations brought pursuant to 42 U.S.C. § 1983. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).

No evidence exists to support such a claim. Russell's general assertions do not include any allegation of personal participation in a constitutional violation, nor does Russell pursue this liability at all regarding the allegations against Defendant Ibitoye. Nevertheless, as the Court has found that Defendant Ibitoye did not violate Russell's constitutional rights, supervisory liability against Defendant Acuff is unavailable. As such, summary judgment is granted in Warden Acuff's favor on this basis alone.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgement, construed as a motion for summary judgment, is granted. Judgement is granted in favor of Defendants Ibitoye and Acuff. Defendants' Motion for Extension of Time and the Motion to Strike Entry of Appearance filed by counsel for the Office of the Attorney General are granted.

A separate Order follows.

| | |
|---|---|
| \_March 20, 2022\_\_\_\_ | /s/_____ |
| Date | GEORGE J. HAZEL |
| | United States District Judge |